IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

IDELLE M. BOATRIGHT, by and )
through her legal guardian, )
GREGORY BOATRIGHT, individually )
and as spouse of EDWARD D. )
BOATRIGHT, Deceased, and BETTY )
BOWLING )
) CASE NO. CV504-41
Plaintiffs, )
)
vs. )
)
R. J. CORMON RAILROAD COMPANY/ )
MATERIAL SALES and CHAD E. MCKINNEY, )
)
Defendants. )

# ORDER

In this wrongful death case, Plaintiffs' counsel submitted a petition to approve the settlement, which included a total settlement of $295,000.00, attorney's fees of 40%, and costs of $12,691.34. The incapacitated Plaintiff Idelle Boatright was entitled to one-third (1/3) of the proceeds with the remaining two-thirds (2/3) divided between eight surviving children of the decedent.

On December 22, 2006, this Court entered an Order approving the total settlement amount and the itemized costs. However, in light of Ms. Boatright's incapacitation with Alzheimer's disease, the Court found 40% attorney's fees to be excessive. Therefore, in accordance with Local Rule 17.1(c), the Court held that it would not allow attorney fees in excess of 25% to be charged against Ms.

Boatright's portion of the settlement.[1] The Court also held that the itemized costs should be charged only to the children's portion of the settlement. The Court found these modifications necessary to fully protect the interests of the incapacitated party. The Court directed counsel to file a final settlement disbursement statement.

Plaintiffs' counsel filed a Motion for Reconsideration, which this Court denied. Plaintiffs' counsel appealed, and the Eleventh Circuit affirmed this Court's Order on October 19, 2007. On March 26, 2008, Plaintiffs filed their Amended Settlement Statement.

The Amended Settlement Statement shows the final calculations for the distribution of the settlement. In accordance with the Court's Order, Plaintiffs' counsel reduced the fees charged to Ms. Boatright's portion of the settlement. With respect to costs, Page One of the settlement statement states that the costs will only be charged to the Boatright children and not to Ms. Boatright.

However, the calculations performed on Page Two of the statement allocate the costs to both Ms. Boatright and the Boatright children. This calculation error is apparent because the children are allocated $13,692.39 in both the initial settlement statement and the amended settlement statement, even though the

---

[1] The Court held that counsel may charge the 40% contract rate against the eight adult children.

Court's Order modified this amount by reallocating Ms. Boatright's portion of the costs to the children.

By the Court's calculation, the total settlement should be allocated as follows:

1) Ms. Boatright is to receive 1/3 of the $295,000.00 settlement, which is $98,333.33. This amount is reduced by 25% attorney's fees of $24,583.33, for a final amount of **$73,750.00**. Her portion of the settlement is not reduced by any costs.

2) The children are to receive 2/3 of the total settlement, which is $196.666.67. This amount is reduced by 40% attorney's fees of $78,666.67 and costs of $12,691.34. The children's portion of the settlement is therefore $105,308.66, with each of the eight children to receive **$13,163.58**.

3) The total amount of attorney's fees is **$103,250.00**.

Because the amounts have not been calculated correctly, Plaintiffs' counsel is **ORDERED** to correct the distribution amounts and to file a corrected, final, and signed copy of the settlement disbursement statement. The final statement should be submitted to the Court within **30 days** of the date of this Order.

SO ORDERED, this 31ST day of March, 2006.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3